**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4459**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WILKIN O'NEAL PETTIS,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.  (3:08-cr-00396-CMC-3)

Submitted:  September 6, 2011       Decided:  September 9, 2011

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James P. Rogers, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.   William N. Nettles, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilkin O'Neal Pettis appeals the district court's judgment revoking his supervised release and sentencing him to ten months' imprisonment. The district court revoked Pettis's supervised release based on a finding that Pettis had engaged in new criminal conduct when he interfered with a police officer in the discharge of the officer's duties, in violation of Forest Acres, South Carolina Code of Ordinances § 15-7 ("the Ordinance"). Pettis argues on appeal that the Ordinance is unconstitutionally vague. We affirm.

We review properly-preserved constitutional claims de novo. United States v. Hall, 551 F.3d 257, 266 (4th Cir. 2009). Due process requires that a penal statute "define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." Skilling v. United States, 130 S. Ct. 2896, 2927-28 (2010) (internal quotation marks omitted); see Buckley v. Valeo, 424 U.S. 1, 77 (1976) (per curiam) ("Due process requires that a criminal statute provide adequate notice to a person of ordinary intelligence that his contemplated conduct is illegal, for no [perso]n shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.") (internal quotation marks omitted).

2

Under the Ordinance, "[a]ny person who shall resist or interfere with any policeman in the discharge of his duties shall be guilty of a misdemeanor." Pettis argues that the Ordinance's prohibition of "resist[ing]" or "interfer[ing]" with a police officer in the discharge of his duties is unconstitutionally vague. Claims of statutory vagueness that do not implicate the First Amendment "must be examined in the light of the facts of the case at hand." United States v. Sun, 278 F.3d 302, 309 (4th Cir. 2002) (internal quotation marks omitted). Accordingly, this court's review is limited to whether Pettis had fair notice that the statute at issue proscribed his conduct. United States v. Hsu, 364 F.3d 192, 196 (4th Cir. 2004). We conclude that he did and that the district court did not err in denying Pettis's motion to dismiss the revocation petition.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED